1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT LUCKETT,                                        No. C-04-1013 MEJ

        Plaintiff,

  vs.                                                                  ORDER TO DISMISS WITHOUT
                                  PREJUDICE
CITY OF OAKLAND, et al.,
                                  ORDER FOR CLERK OF COURT TO
        Defendants.                                        CLOSE FILE.

_____/

       On March 21, 2005, counsel for plaintiff Robert Luckett ("Plaintiff") filed his Motion to Withdraw as Counsel.  On May 5, 2005, ruling from the bench, Judge Maria-Elena James granted counsel for Plaintiff's motion, under the condition that any papers may still be served on Plaintiff's counsel for forwarding purposes only.  By letter dated June 1, 2005, defendants City of Oakland, et al. (collectively "Defendants") stated that they were unable to locate Plaintiff.  Further, the letter stated that the Oakland Police Department believed Plaintiff to be in state custody.  In addition, Defendants claim that they have been unable to comply with the meet and confer requirements of the Court's pretrial order.

       In response to Defendants' letter, on June 2, 2005, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to prosecute.  The hearing on the OSC was scheduled for June 23, 2005.  Plaintiff failed to appear at this hearing.  Moreover, Plaintiff failed to file a declaration as Ordered by the Court.  Plaintiff was advised that failure to file a declaration and/or to appear for the hearing would result in dismissal of his case.

       By letter dated June 27, 2005, former Plaintiff's counsel, Ben Nisembaum, stated that Plaintiff was made aware of the June 23, 2005 OSC hearing date.  Docket doc.#22.  Plaintiff informed Mr.

Nisembaum's office that he did not have an address or telephone contact information.  Docket doc. #2.  As there are no means of communicating with Plaintiff, Defendants cannot proceed with their preparations for trial.

For these reasons, the above captioned case is hereby DISMISSED, without prejudice, for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b), which provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or  any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

While Rule 41(b) allows a defendant to move for dismissal for failure to prosecute, the Rule does not abrogate the power of a district court to dismiss a case on its own motion:  "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962).

Accordingly, the Clerk of the Court shall close the file.


IT IS SO ORDERED.

Dated:   July 8, 2005

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
For the Northern District of California

2